## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **JAMES A. ANTHONY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:23-cv-00018-NT** |
| | ) | |
| **AROOSTOOK COUNTY JAIL,** | ) | |
| | ) | |
| **Defendant** | ) | |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Plaintiff James A. Anthony sues the Aroostook County Jail for negligence, unfair cruel punishment, and defamation of character, bringing claims pursuant to (1) 42 U.S.C. § 1983 for violations of his federal First, Fourth, and Eighth amendment rights, (2) 18 U.S.C. § 242, and (3) Maine common law.  *See* Complaint (ECF No. 1); Civil Cover Sheet (ECF No. 2).  He also requests that an attorney be appointed to represent him in this matter.  *See* Complaint at Page ID # 5; Summary Sheet (ECF No. 1-1) at Page ID # 10.  Having granted Anthony's application to proceed *in forma pauperis*, *see* Order (ECF No. 6), his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, I deny Anthony's request for the appointment of an attorney and recommend that the Court dismiss the complaint unless Anthony amends it within the fourteen-day

1

objection period to state a claim of violation of his First, Fourth, and/or Eighth amendment rights.[1]

## I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87,

---

[1] Anthony filed two other complaints on the same day that have also been referred to me for section 1915 review, *Anthony v. Houlton Police Department*, No. 1:23-cv-00016-NT, and *Anthony v. Aroostook County Sheriff's Department*, No. 1:23-cv-00017-NT.

2

94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

Anthony alleges the following facts.  On an unspecified date when he was incarcerated at the Aroostook County Jail, he was subjected to a search by a new machine that indicated he had a package in his body.  Complaint at Page ID # 5.  He told Jail officers that he had no package in his body but was called a liar and told that machines don't lie.  *Id*.  He was placed in a visiting room by himself with no toilet and a cot in the middle of the floor and left there for three days without being allowed a phone call.  *Id*.  He was then taken to a hospital in an orange jumpsuit and handcuffs, where unidentified people stated that they believed he had a package in his body.  *Id*. at Page ID ## 5-6.  This information was relayed to a lady who was Anthony's previous employer and his father's employer at that time.  *Id*. at Page ID # 6.  The hospital concluded that there was no package.  *Id*.  Anthony was subjected to bad conditions, and he and his family, particularly his father, to extreme embarrassment.  *Id*.  As a result, in addition to having had severe insomnia, Anthony has now been diagnosed with severe anxiety and depression and suicidal thoughts, and his self-worth and character have been injured.  *Id*. at Page ID # 7.

Anthony seeks relief in the form of transport to a different jail other than the Aroostook County Jail if he is jailed, (2) no contact with the guards, (3) punishment

or retraining of the Jail and/or guards, (4) inspection of the body machine, and (5) damages of $500,000.  *See id*. at Page ID # 7.

### III.  Discussion

#### A.  Civil Rights Violations (First, Fifth, Eighth Amendments)

For two key reasons, Anthony fails to state a claim of civil rights violations against the Aroostook County Jail.  First, he fails to supply "the crucial detail of who, what, when, where, and how" required to state plausible claims of violation of his First, Fourth, or Eighth Amendment rights.  *Byrne*, 2020 WL 1317731, at \*5; s*ee also, e.g., Dewey v. Univ. of N.H.,* 694 F.2d 1, 3 (1st Cir. 1982) (A "claim [must] at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why."); *Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995) ("[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims.").

"Generally speaking, the First Amendment guarantees the fundamental right to file a lawsuit, as well as to engage in constitutionally protected speech."  *Powell v. Grady*, No. 18-30146-MGM, 2020 WL 7700118, at \*7 (D. Mass. Mar. 24, 2020) (cleaned up) (rec. dec.), *aff'd*, 2020 WL 7334313 (D. Mass. Dec. 14, 2020).  "The Supreme Court has further recognized that the right to petition all branches of government is protected by the First Amendment" and that "[c]laims of retaliation for the exercise of First Amendment rights are cognizable under § 1983."  *Id.* (cleaned up).

4

However, "because certain privileges and rights must necessarily be limited in the prison context," a "prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Johnson v. California*, 543 U.S. 499, 510 (2005) (cleaned up). Anthony does not describe how his First Amendment rights as a Jail inmate allegedly were violated. He, therefore, fails to state a claim of a First Amendment violation.

"The Fourth Amendment of the U.S. Constitution protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and "generally requires that the government obtain a warrant based on probable cause before conducting a search." *United States v. John*, 59 F.4th 44, 48 (1st Cir. 2023) (cleaned up). However, a "search undertaken pursuant to a prison regulation impinging on an inmate's Fourth Amendment rights will be upheld if it is reasonably related to legitimate penological interests." *Morales v. Foster*, No. 17-cv-234-SM, 2019 WL 441967, at *3 (D.N.H. Jan. 3, 2019) (cleaned up), (rec. dec.)*, aff'd,* 2019 WL 440564 (D.N.H. Feb. 1, 2019). Anthony supplies no detail from which the Court could infer that the machine scan to which he was subjected was anything other than a routine jail search conducted for legitimate purposes. He, therefore, fails to state a claim of a Fourth Amendment violation.

"The Eighth Amendment prohibits 'cruel and unusual punishments,' and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Giroux*

5

*v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (cleaned up).  "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Id.* (cleaned up).

"In order for a prison-conditions complaint to state a violation of the Eighth Amendment, two requirements must be met."  *Id.* at 32 (cleaned up).  "First, the alleged deprivation of adequate conditions must be objectively serious, i.e., the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Id.* (cleaned up).  "Second, the official involved must have had a sufficiently culpable state of mind, described as deliberate indifference to inmate health or safety."  *Id.* (cleaned up).

In invoking the Eighth Amendment, Anthony presumably refers to his placement for three days in a visiting room lacking a toilet.  However, he does not describe the conditions of that placement—for instance, whether he was provided meals and allowed bathroom/shower breaks—or describe any actions or statements of the guards indicative of deliberate indifference to his health and safety.  He, therefore, fails to state a claim of an Eighth Amendment violation.

Second, Anthony fails to make a colorable claim that the only defendant sued— the Aroostook County Jail—is liable for any constitutional violation.  "The Supreme Court . . . has set a very high bar for assessing . . . liability" against a municipality such as the Jail predicated on alleged constitutional violations.  *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 26 (1st Cir. 2005).  The challenged action

or actions "must constitute a policy or custom attributable to" the Jail.  *Id.* (cleaned up).  "[E]vidence of a single incident is insufficient, *in and of itself,* to establish a municipal 'custom or usage.'"  *Mahan v. Plymouth Cnty. House of Corr.*, 64 F.3d 14, 16-17 (1st Cir. 1995) (cleaned up).  "Further, the Supreme Court has imposed two additional requirements: 1) that the [Jail's] policy or custom actually have caused the plaintiff's injury, and 2) that the [Jail] possessed the requisite level of fault, which is generally labeled in these sorts of cases as 'deliberate indifference.'"  *Young*, 404 F.3d at 26.  Anthony alleges no facts from which the Court could infer that the incidents of which he complains were the result of any Aroostook County Jail custom or policy or that the Jail was deliberately indifferent to the potential consequences of such a custom or policy.

## B. Violation of 18 U.S.C § 242

As a matter of law, Anthony cannot bring a claim pursuant to 18 U.S.C. § 242, which is part of a group of statutes that "criminalize certain conduct and permit the federal government to criminally prosecute individuals who engage in the prohibited conduct" but "do not permit a private citizen to bring a civil lawsuit against someone who has violated these laws."  *Gardner v. Harvard Univ.*, No. 21-12076-NMG, 2022 WL 3230032, at *4 (D. Mass. Aug. 10, 2022).  His reliance on that statute, hence, is misplaced.

## C. Tort Claim (Defamation)

Pursuant to Maine law, a claim of defamation requires a showing of:

(1) a false and defamatory statement concerning another;

(2) an unprivileged publication to a third party;

(3) fault amounting at least to negligence on the part of the publisher; and

(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Waugh v. Genesis Healthcare LLC*, 2019 ME 179, ¶ 10, 222 A.3d 1063, 1066 (cleaned up).

A false report to a former employer that an inmate has a package in his body, suggesting that he was dealing in and hiding contraband, could amount to defamation. However, unless Anthony amends his complaint to state a federal constitutional claim within the fourteen-day objection period, the Court should decline to exercise supplemental jurisdiction over any state law claims. *See, e.g.*, *Zell v. Ricci*, 957 F.3d 1, 15 (1st Cir. 2020) (noting that it is generally an abuse of discretion to retain supplemental jurisdiction over state law claims when all federal claims have been dismissed early in a case).

### D.  Request to Appoint an Attorney

There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).   Rather, an indigent pro se litigant is entitled to appointed counsel in a civil case only if he can demonstrate that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." *Id.*   "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation,

focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24.

For the reasons discussed above, Anthony fails to make any showing that a denial of his request for the appointment of an attorney would likely result in fundamental unfairness impinging on his due process rights. Accordingly, I deny that request.

## IV.  Conclusion

For the foregoing reasons, I ***DENY*** Anthony's request for the appointment of an attorney and recommend that the Court ***DISMISS*** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he amends it within the fourteen-day objection period to state a claim of violation of his First, Fourth, and/or Eighth amendment rights.

### ***NOTICE***

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

9